UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20648-SCOLA(s)(s)

UNITED STATES OF AMERICA

vs.

GAL VALLERIUS,

        **Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Gal Vallerius (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts One and Two of the Superseding Information, which counts charge the defendant with Conspiracy to Possess with the Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846, and Conspiracy to Launder Money, in violation of Title 18, United States Code, Section 1956(h).

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court

is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose, as to Count One, a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of at least three years but no more than life. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1,000,000 and may order forfeiture and restitution.

4. As to Count Two, the defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $500,000 or twice the value of the property involved in the offense and may order forfeiture and restitution. Furthermore, the Court may also impose a civil penalty in the greater of the value of the property, funds, or monetary instruments involved in the offense or $10,000.

5. The above sentences of imprisonment may be run consecutively for a total sentence of 40 years imprisonment.

6. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraphs 3 and 4 of this agreement, a special assessment in the amount of $100 per count ($200 total) will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

7. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

Count One

(1) Quantity of drugs: That the quantity of the controlled substances involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines, is as follows:

(a) Heroin: more than 90 kilograms;

(b) Cocaine: more than 450 kilograms;

(c) Cocaine base (crack): more than 25.2 kilograms;

(d) Methamphetamine: more than 45 kilograms;

(e) Oxycodone: more than 13.5 kilograms;

(f) Ritalin: more than 900 kilograms; and

(g) Fentanyl: more than 36 kilograms.

## Count Two

(2) That pursuant to Section 2S1.1(a)(1), the defendant committed the underlying offense and the offense level for that offense can be determined.

(3) That the underlying offense involved the drug quantities listed above.

(4) That pursuant to Section 2S1.1(b)(2)(B), the defendant is convicted under 18 U.S.C. § 1956.

(5) That pursuant to Section 2S1.1(b)(3), the offense involved sophisticated laundering.

## Total Offense Level

(6) Role in the offense: That the defendant should receive a three-level increase as a manager and supervisor of criminal activity that involved five or more participants, pursuant to Section 3B1.1 of the Sentencing Guidelines.

(7). Adjusted Offense Level: That the applicable adjusted offense level, before acceptance of responsibility pursuant to Section 3E1.1(a), under all of the circumstances of the offenses committed by the defendant is Level 42.

9. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's

offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence of the statutory maximum for each count and that the Court allow the sentences to run concurrently. Although not binding on the probation office or the Court, this Office and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case. Furthermore, neither party will recommend the Court vary either upwards or downwards when determining the sentence.

11. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

12. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the

defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

13. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

14. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

15. The defendant further agrees to forfeit to the United States voluntarily and immediately all property constituting, or derived from proceeds obtained, directly or indirectly, as a result of the Conspiracy to Distribute a Controlled Substance charged in Count One of the Superseding Information, and any property used, or intended to be used, in any manner or part, to commit or facilitate the commission of such offense. Furthermore, the defendant agrees to forfeit

to the United States voluntarily and immediately all property, involved in the Conspiracy to Launder Money charged in Count Two of the Superseding Information, and any property traceable to such property. The property subject to forfeiture is limited to:

i.    One (1) Samsung (Model NP270E5E) Notebook Computer, Serial Number JDFB91LD400133Y;

iii.   Approximately 99.98947177 Bitcoin; and

iv.    Approximately 121.94805811 Bitcoin Cash.

The defendant agrees to consent to the entry of orders of forfeiture for such property. The defendant admits and agrees that the conduct described in the Indictment and Factual Proffer provides a sufficient factual and statutory basis for the forfeiture of the property sought by the Government.

16.   The defendant also agrees to fully cooperate with the Government in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in the above. This assistance includes providing all necessary passwords.

17.   The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding, including any claim or defense under the Eighth Amendment to the United States Constitution; waives any applicable time limits to the initiation of administrative or judicial proceedings, and waives any right to appeal the forfeiture.

18. The Defendant agrees not to make a request under the International Prisoner Transfer Program until such time as his cooperation, pursuant to paragraph 11 of this agreement, is complete or three years from the date of his arrest, whichever comes first.

19. The defendant understands and acknowledges that the International Prisoner Transfer Program is designed to relieve some of the special hardships that fall upon offenders incarcerated in a foreign country, and to facilitate the rehabilitation of these offenders. This Office agrees ~~not~~ to recommend to DOJ and the Department of State to grant ~~to object to~~ the defendant's request under this program should he abide by all the conditions of this agreement. The defendant understands and acknowledges however, that this Office has no authority to grant or deny the defendant's request under the program.

20. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

21. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statutes to which the defendant is pleading guilty are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statutes of conviction.

22. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

23. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to narcotics trafficking and money laundering, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

24. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: 6/12/18     By: _____
JUAN A. GONZALEZ, JR.
ASSISTANT UNITED STATES ATTORNEY

Date: 6/12/2018   By: _____
C. ALDEN PELKER
TRIAL ATTORNEY

Date: 6/12/2018   By: _____
ANTHONY NATALE, ESQUIRE
ATTORNEY FOR DEFENDANT

Date: 6/12/2018   By: _____
GAL VALLERIUS
DEFENDANT