**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-CR-20648-SCOLA(s)(s)**

**UNITED STATES OF AMERICA,**

vs.

**GAL VALLERIUS,**
    a/k/a "OXYMONSTER,"

        **Defendant.**
_____/

**UNITED STATES' UNOPPOSED MOTION FOR PRELIMINARY ORDER OF FORFEITURE, AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982(a)(1), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America (the "United States") hereby moves for the entry of a Preliminary Order of Forfeiture in the above-captioned matter. The United States seeks the forfeiture of a laptop and cryptocurrency seized from Defendant Gal Vallerius. In support of this motion, the United States provides the following factual and legal bases.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

1. On or about May 16, 2018, Defendant Gal Vallerius, a/k/a "OXYMONSTER," (the "Defendant") was charged by Superseding Information with one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). *See* Superseding Information, ECF No. 43. The Superseding Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 21 U.S.C. § 846, the Defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, pursuant to 21 U.S.C. § 853.

*See id.* at 5.   In addition, the Superseding Information alleged that upon conviction of a violation of 18 U.S.C. § 1956, the Defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).  *Id.* at 4-5.   The property subject to forfeiture includes, but is not limited to:

> i. One (1) Samsung (Model NP270E5E) Notebook Computer, Serial Number JDFB91LD400133Y;
>
> ii. Approximately 99.98947177 Bitcoin; and
>
> iii. Approximately 121.94805811 Bitcoin Cash.

*Id.* at 5.

2. On June 12, 2018, pursuant to a written Plea Agreement, the Defendant pleaded guilty to Counts 1 and 2 of the Superseding Information, which charged him with conspiracy to distribute controlled substances and conspiracy to commit money laundering, respectively.  *See* Minute Entry, ECF No. 51; Plea Agreement ¶ 1, ECF No. 49; Factual Proffer, ECF No. 50.

3. In his Plea Agreement, the Defendant agreed to forfeit to the United States voluntarily and immediately all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the conspiracy to distribute controlled substances charged in Count 1 of the Superseding Information, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.  Plea Agreement ¶ 15.  The Defendant also agreed to forfeit to the United States voluntarily and immediately all property, real or personal, involved in the conspiracy to commit money laundering charged in Count 2 of the Superseding Information, and any property traceable to such property.  *Id.*  Specifically, the property subject to forfeiture is limited to:

> i. One (1) Samsung (Model NP270E5E) Notebook Computer, Serial Number JDFB91LD400133Y;
>
> ii. Approximately 99.98947177 Bitcoin; and

    iii.  Approximately 121.94805811 Bitcoin Cash.

*Id.* The Defendant agreed to consent to the entry of orders of forfeiture for such property, and admitted and agreed that the conduct described in the Indictment and Factual Proffer provides a sufficient factual basis for the forfeiture sought by the government. *Id.*

  4.  The Defendant further agreed to assist this Office in all forfeiture proceedings, whether administrative or judicial, including by providing all necessary passwords. *See id.* ¶ 16. He knowingly and voluntarily waived all constitutional, legal, and equitable defenses to the forfeiture of the assets in any judicial or administrative proceedings, including any claim or defense under the Eighth Amendment of the U.S. Constitution, waived any applicable time limits to the initiation of administrative of judicial proceedings, and waived any right to appeal the forfeiture. *See id.* ¶ 17.

## II. LEGAL STANDARD

  All property constituting, or derived from, any proceeds that the defendant obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 846, and any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, is subject to forfeiture. 21 U.S.C. § 853(a). Pursuant to 21 U.S.C. § 853(d), there is a rebuttable presumption that any property of a person convicted of a violation of 21 U.S.C. § 846 is subject to forfeiture, if such property was acquired during, or shortly after, the time of the violation and there is no likely other source for such property. 21 U.S.C. § 853(d). In addition, all property, real or personal "involved in" a violation of 18 U.S.C. § 1956, or any property traceable to such property, is subject to forfeiture to the United States. 18 U.S.C. § 982(a)(1).

  If a defendant is convicted of such a violation, the Court "shall" order the forfeiture of the property as part of the sentence. *See* 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853. As part of the

defendant's sentence, criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). *See also Libretti v. United States*, 516 U.S. 29, 38-39 (1995) (holding that forfeiture is an "element of the sentence"). Upon finding that property is subject to forfeiture, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.

Fed. R. Crim. P. 32.2(b)(2)(A).

### III. DISCUSSION

Based on the Defendant's guilty plea, Superseding Information, and Plea Agreement, the following property is subject to forfeiture, pursuant to 21 U.S.C. § 853, as property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the conspiracy to distribute controlled substances charged in Count 1 of the Superseding Information, as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, and, pursuant to 18 U.S.C. § 982(a)(1), as property, real or personal, involved in the conspiracy to commit money laundering charged in Count 2 of the Superseding Information, and as property traceable to such property:

    i.    One (1) Samsung (Model NP270E5E) Notebook Computer, Serial Number JDFB91LD400133Y;

    ii.    Approximately 99.98947177 Bitcoin; and

    iii.    Approximately 121.94805811 Bitcoin Cash.

On August 17, 2018, defense counsel confirmed that there was no objection to the proposed forfeiture.

Accordingly, the Court should issue the attached proposed order, which provides for the entry of a preliminary order of forfeiture, the inclusion of the forfeiture as part of the Defendant's

4

sentence and judgment in this case, publication of notice of the forfeiture, preservation of property, permission to conduct discovery to locate assets ordered forfeited and/or expedite ancillary proceedings for the adjudication of third-party petitions, if any, and final forfeiture of the property.

WHEREFORE, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982(a)(1), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

    Respectfully submitted,

    BENJAMIN G. GREENBERG
    UNITED STATES ATTORNEY

By:    *s/ Nalina Sombuntham*
    Nalina Sombuntham
    Assistant United States Attorney
    Fla. Bar No. 96139
    99 N.E. 4th Street, 7th Floor
    Miami, Florida 33132-2111
    Telephone: (305) 961-9224
    Facsimile: (305) 530-6166
    nalina.sombuntham2@usdoj.gov

## S.D. Fla. L.R. 88.9 CERTIFICATION

The undersigned counsel hereby certifies that on August 17, 2018, the United States contacted defense counsel, AFPD Anthony Natale, via e-mail, at approximately 11:30 a.m., regarding this Motion for Preliminary Order of Forfeiture. On the same day, defense counsel confirmed Defendant's conset to the proposed forfeiture.

    *s/ Nalina Sombuntham*
    Nalina Sombuntham
    Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically using CM/ECF on September 17, 2018, on all parties of record.

*s/ Nalina Sombuntham*
Nalina Sombuntham
Assistant United States Attorney

Service List

Juan Antonio Gonzalez , Jr.
United States Attorney's Office - H.I.D.T.A.
11200 NW 20th Street
Suite 101
Miami, FL 33172
305-715-7640
Fax: 305-715-7639
Email: juan.antonio.gonzalez@usdoj.gov

Catherine Alden Pelker
U.S. Department of Justice
Criminal Division
Computer Crime & Intellectual Property Section
1301 New York Avenue NW, Ste. 600
Washington, DC 20530
(202) 616-5007
Email: catherine.pelker@usdoj.gov

Nalina Sombuntham
United States Attorney's Office
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132
305-961-9224
Email: nalina.sombuntham2@usdoj.gov
*Counsel for the United States*

Anthony John Natale
Federal Public Defender's Office
150 W Flagler Street
Suite 1500
Miami, FL 33130-1556
305-533-4246
Fax: 305-530-7120
Email: Anthony_Natale@fd.org

Lauren Field Krasnoff
Federal Public Defenders Office
150 West Flagler Street, Suite 1700
Miami, FL 33130
305-530-7000
Email: lauren_krasnoff@fd.org
*Counsel for Defendant*