UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-20648-SCOLA(s)(s)

**UNITED STATES OF AMERICA,**

vs.

**GAL VALLERIUS,**
    a/k/a "OXYMONSTER,"

        **Defendant.**
_____/

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon unopposed motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture to forfeit a laptop and cryptocurrency seized from Defendant Gal Vallerius, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982(a)(1), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure. Being fully advised in the premises and based on the United States' Unopposed Motion for Preliminary Order of Forfeiture, and Memorandum of Law in Support Thereof, the record in this matter, and for good cause shown thereby, the Court finds as follows:

1.    On or about May 16, 2018, Defendant Gal Vallerius, a/k/a "OXYMONSTER," (the "Defendant") was charged by Superseding Information with one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). *See* Superseding Information, ECF No. 43. The Superseding Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 21 U.S.C. § 846, the Defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or

indirectly, as the result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, pursuant to 21 U.S.C. § 853. *See id.* at 5.  In addition, the Superseding Information alleged that upon conviction of a violation of 18 U.S.C. § 1956, the Defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *Id.* at 4-5.  The property subject to forfeiture includes, but is not limited to:

>   i.   One (1) Samsung (Model NP270E5E) Notebook Computer, Serial Number JDFB91LD400133Y;
>   
>   ii.  Approximately 99.98947177 Bitcoin; and
>   
>   iii. Approximately 121.94805811 Bitcoin Cash.

*Id.* at 5.

2. On June 12, 2018, pursuant to a written Plea Agreement, the Defendant pleaded guilty to Counts 1 and 2 of the Superseding Information, which charged him with conspiracy to distribute controlled substances and conspiracy to commit money laundering, respectively. *See* Minute Entry, ECF No. 51; Plea Agreement ¶ 1, ECF No. 49; Factual Proffer, ECF No. 50.

3. In his Plea Agreement, the Defendant agreed to forfeit to the United States voluntarily and immediately all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the conspiracy to distribute controlled substances charged in Count 1 of the Superseding Information, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense. Plea Agreement ¶ 15. The Defendant also agreed to forfeit to the United States voluntarily and immediately all property, real or personal, involved in the conspiracy to commit money laundering charged in

Count 2 of the Superseding Information, and any property traceable to such property. *Id.* Specifically, the property subject to forfeiture is limited to:

    i.       One (1) Samsung (Model NP270E5E) Notebook Computer, Serial Number JDFB91LD400133Y;

    ii.      Approximately 99.98947177 Bitcoin; and

    iii.     Approximately 121.94805811 Bitcoin Cash.

*Id.* The Defendant agreed to consent to the entry of orders of forfeiture for such property, and admitted and agreed that the conduct described in the Indictment and Factual Proffer provides a sufficient factual basis for the forfeiture sought by the government. *Id.*

4. The Defendant further agreed to assist this Office in all forfeiture proceedings, whether administrative or judicial, including by providing all necessary passwords. *See id.* ¶ 16. He knowingly and voluntarily waived all constitutional, legal, and equitable defenses to the forfeiture of the assets in any judicial or administrative proceedings, including any claim or defense under the Eighth Amendment of the U.S. Constitution, waived any applicable time limits to the initiation of administrative of judicial proceedings, and waived any right to appeal the forfeiture. *See id.* ¶ 17.

5. Based on the Defendant's guilty plea, Superseding Information, and Plea Agreement, the following property is subject to forfeiture, pursuant to 21 U.S.C. § 853, as property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the conspiracy to distribute controlled substances charged in Count 1 of the Superseding Information, as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, and, pursuant to 18 U.S.C. § 982(a)(1), as property, real or personal, involved in the conspiracy to commit money laundering charged in Count 2 of the Superseding Information, and as property traceable to such property:

      i.      One (1) Samsung (Model NP270E5E) Notebook Computer, Serial Number JDFB91LD400133Y;

      ii.     Approximately 99.98947177 Bitcoin; and

      iii.    Approximately 121.94805811 Bitcoin Cash.

**THEREFORE**, the United States' Unopposed Motion for Preliminary Order of Forfeiture is **GRANTED**, and it is hereby **ORDERED** that:

1.    The following property is forfeited, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a):

      i.      One (1) Samsung (Model NP270E5E) Notebook Computer, Serial Number JDFB91LD400133Y;

      ii.     Approximately 99.98947177 Bitcoin; and

      iii.    Approximately 121.94805811 Bitcoin Cash.

2.    An agent of the Drug Enforcement Administration, Internal Revenue Service-Criminal Investigation, or any duly authorized law enforcement official, shall as soon as practicable, seize the property ordered forfeited herein pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure;

3.    The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure;

4.    The United States is authorized, pursuant to Rule 32.2(b)(3), (c)(1) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), to conduct any discovery necessary, including depositions, to identify, locate or dispose of the property or in order to expedite ancillary proceedings related to any third-party petition;

5.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant Gal Vallerius, and shall be made part of the sentence of the Court

and is hereby incorporated by reference in the judgment and commitment order issued in this case; and

6. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. If no claims are filed within sixty (60) days of the first day of publication or within thirty (30) days of receipt of actual notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, this Order shall become a Final Order of Forfeiture and an official of the Drug Enforcement Administration, Internal Revenue Service-Criminal Investigation, or any duly authorized law enforcement official, shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, on September 17, 2018.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

cc:   Nalina Sombuntham, Assistant U.S. Attorney (2 certified copies)