```
              IN THE UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF FLORIDA
                           MIAMI
                 CASE NO. 17-CR-20648-RNS-1
```

**UNITED STATES OF AMERICA**,
         Plaintiff
    vs.                                    **October 9, 2018**

**GAL VALLERIUS**,
         Defendant.

**SENTENCING HEARING**

BEFORE THE HONORABLE **ROBERT N. SCOLA**,

UNITED STATES DISTRICT COURT JUDGE

**A P P E A R A N C E S**

| | |
|---|---|
| FOR THE PLAINTIFF:<br>UNITED STATES OF AMERICA | **JUAN ANTONIO GONZALEZ, JR.**, AUSA<br>**CATHERINE ALDEN PELKER**, AUSA<br>U.S. Attorney's Office HIDTA<br>11200 NW 20th Street, Suite 101<br>Miami, FL 33171<br>(305) 715-7640<br>Juan.antonio.gonzalez@usdoj.gov<br>Catherine.pelker@usdoj.gov |
| FOR THE DEFENDANT:<br>GAL VALLERIUS | **ANTHONY J. NATALE**, AFPD<br>Federal Public Defender's Office<br>150 W Flagler Street, Suite 1500<br>Miami, FL 33131<br>(305) 533-4246<br>Anthony_natale@fd.org |
| REPORTED BY: | **GIZELLA BAAN-PROULX**, RPR, FCRR<br>United States Court Reporter<br>400 North Miami Avenue, 8th Floor<br>Miami  FL  33128<br>(305) 523-5634<br>gizella_baan-proulx@flsd.uscourts.gov |

Also present:
    Danielle Sylvester-Pierre, U.S. Probation

**P R O C E E D I N G S**

*(The following proceedings were held in open court.)*

THE COURT: All right. So our next matter this morning is United States of America versus Gal Vallerius. Who is here on behalf of the government?

THE PLAINTIFF: Good morning, Your Honor. Tony Gonzalez and Alden Pelker on behalf of the United States.

THE COURT: Good morning. And on behalf of Mr. Vallerius?

THE DEFENSE: Good morning, Your Honor. Anthony Natale from the Federal Public Defender's Office on behalf of Mr. Vallerius who is present with the aid of a Hebrew interpreter.

THE COURT: Good morning. And good morning, Mr. Vallerius.

THE DEFENDANT: Good morning, Your Honor.

THE COURT: And who is here on behalf of probation?

PROBATION: Good morning, Your Honor. Danielle Sylvester Pierre on behalf of U.S. Probation.

THE COURT: Good morning. This matter is set for sentencing this morning. Are both sides prepared to go forward with the sentencing?

THE PLAINTIFF: We are, Your Honor.

THE DEFENSE: Yes, Your Honor.

THE COURT: All right. Has each side received and

```
                1  reviewed the presentence investigation report as well as the
                2  addendum to the report?
                3           THE DEFENSE:  Yes, Your Honor.
                4           THE PLAINTIFF:  Yes, Your Honor.
      09:32    5           THE COURT:  Mr. Vallerius, have you gone over the
                6  report and the addendum with your attorney?
                7           THE DEFENDANT:  Yes, Your Honor.
                8           THE COURT:  All right.  And I saw that the defense
                9  recently filed some objections to the report.
      09:33   10           Do any of those objections affect the guideline
               11  calculations?
               12           THE DEFENSE:  No, they don't, Your Honor, and I put
               13  that in the pleading; they are purely factual.
               14           THE COURT:  All right.  And are any of those things
      09:33   15  that I need to resolve at this time?
               16           THE DEFENSE:  I think that some of them might be --
               17  could affect down the road, but I don't think they would affect
               18  the guidelines.
               19           For example, the reference to the forfeiture, the
      09:33   20  forfeiture was actually addressed in the plea agreement, and
               21  what is written in the PSI is somewhat different than what is
               22  in the plea agreement.
               23           That would be page 5, paragraph 8.  There is also what
               24  I believe was a typographical error on page 13.
      09:34   25           THE COURT:  I'm looking at page 5, paragraph 8, and
```

```
 1  what is incorrect about that?
 2          THE DEFENSE:  What we have said, Your Honor, was that
 3  the property to be forfeited was all of the property that was
 4  articulated in the plea agreement.
 5          THE COURT:  Okay.
 6          THE DEFENSE:  And that the PSI reports something which
 7  is more inclusive which was not discussed by the parties.  We
 8  don't know if there's other matters --
 9          THE COURT:  I have the plea agreement.  Where in the
10  plea agreement does it talk about the forfeiture?
11          Okay.  It's on page 8.
12          THE DEFENSE:  Yes.
13          THE COURT:  It has the Samsung 99 Bitcoins onto 21
14  Bitcoin cash.
15          THE DEFENSE:  That's correct.
16          THE COURT:  That's what's in the PSI.  So what's --
17  how are they different?
18          THE DEFENSE:  Because, Your Honor, in paragraph -- in
19  the PSI it says, paragraph 8, voluntary immediately all
20  property derived from proceedings directly or indirectly; and
21  that all property -- and there has been no determination if
22  there is any other property.
23          And the government and the parties have agreed that
24  the property that we were talking about is only the property
25  that's specified in the pretrial stip -- excuse me -- in the
```

```
 1  plea agreement on page 8.
 2          THE COURT:  Okay.  So the plea agreement says the
 3  property subject to forfeiture is limited to those items.
 4          THE DEFENSE:  That's correct.
 5          THE COURT:  And that's the part that's missing from
 6  the presentence investigation report.
 7          THE DEFENSE:  That's correct, Your Honor.
 8          THE COURT:  So we'll add a sentence in paragraph 8,
 9  that the parties plea agreement states that the property
10  subject to forfeiture is limited to those items.  Okay?
11          What else do we need to resolve this morning?
12          THE DEFENSE:  There is a semantic -- well, let's deal
13  with page 13, paragraph 42.  It says that there is 630,439
14  kilos of cocaine.  I believe it should say marijuana because
15  the conversion of all drugs is to marijuana.
16          THE COURT:  I think that's been fixed, no?  The PSI I
17  have says 630,439.2 kilograms of marijuana.
18          THE DEFENSE:  Then, Your Honor, I was looking at --
19  incorrectly I was looking at the first one.  I apologize.
20          THE COURT:  In an earlier version, you mean?
21          THE DEFENSE:  The earlier version.
22          THE COURT:  So that's been corrected.  All right.
23  What else?
24          THE DEFENSE:  There's also -- regarding his family,
25  his wife, resides in Paris, but she frequently visits the
```

```
                1  mother in Israel.  So she's a resident of -- excuse me -- not
                2  of Paris.  Of France.  Paragraph 69.
                3           THE COURT:  So you want that to be corrected that she
                4  resides in France but frequently visits Israel?
         09:38  5           THE DEFENSE:  Yes, or has visited her mother in
                6  Israel.
                7           THE COURT:  Does the government have any objection to
                8  that change?
                9           THE PLAINTIFF:  No, Your Honor.  She does live in
         09:38 10  France.
               11           THE COURT:  So paragraph 69 will be amended to say
               12  defendant's wife, age 27, resides in France but frequently
               13  visits Israel and is unemployed.  Okay.  What's the next one?
               14           THE DEFENSE:  Paragraph 70, his homes were purchased
         09:38 15  for between $34,000 and $36,000 U.S. dollars.
               16           THE COURT:  Okay.  All right.  That will be corrected.
               17           THE DEFENSE:  Paragraph 74, he was prescribed
               18  oxycodone by his French physician based on pain resulting from
               19  his prior motorcycle accident.  We would like that added
         09:39 20  because that is the source of how he was -- he got the
               21  observation oxycodone.
               22           THE COURT:  Well, it says there he reported he was
               23  medicated with oxycodone prior to his arrest.
               24           THE DEFENSE:  Yes.  But I would like -- I think it
         09:39 25  would like to be clear that he was --
```

|       |    |                                                                              |
|-------|----|------------------------------------------------------------------------------|
|       | 1  | **THE COURT:**  He was prescribed?                                           |
|       | 2  | **THE DEFENSE:**  It was prescribed; that it wasn't like                     |
|       | 3  | he was self medicating or anything like that.                                |
|       | 4  | **THE COURT:**  So you want it to say he reported he was                     |
| 09:39 | 5  | medicated with prescribed oxycodone prior to his arrest?                     |
|       | 6  | **THE DEFENSE:**  Yes.                                                       |
|       | 7  | **THE COURT:**  Okay.                                                        |
|       | 8  | **THE DEFENSE:**  Paragraph 80, it lists a drug as capital                   |
|       | 9  | letter A, capital B, capital D, capital D when the drug should               |
| 09:39 | 10 | actually be capital P, capital D, capital P.                                 |
|       | 11 | **THE COURT:**  Wait.  I didn't -- say the letters again                     |
|       | 12 | that it should be?                                                           |
|       | 13 | **THE DEFENSE:**  It should read APVP.                                       |
|       | 14 | **THE COURT:**  A an in apple, P as in Peter, V as in                        |
| 09:40 | 15 | Victor, P as in Peter?                                                       |
|       | 16 | **THE DEFENSE:**  That's correct, sir.                                       |
|       | 17 | **THE COURT:**  Okay.                                                        |
|       | 18 | **THE DEFENSE:**  Paragraph 84.                                              |
|       | 19 | **THE COURT:**  But that is a chemotherapy regimen drug?                     |
| 09:40 | 20 | **THE DEFENSE:**  No, it isn't.  It's a different --                         |
|       | 21 | **THE COURT:**  Okay.  I thought that was a weird                            |
|       | 22 | recreational drug to be take.                                                |
|       | 23 | **THE DEFENSE:**  And on paragraph 84, he did serve in the                   |
|       | 24 | Israeli military.                                                            |
| 09:40 | 25 | **THE COURT:**  So it should say he was not obligated to                     |

```
 1  serve in the army because he was a French national?  That's
 2  what it says now.  Did you want to add "but he did, in fact,
 3  serve"?
 4           THE DEFENSE:  Yes, sir.
 5           THE COURT:  Even though he wasn't obligated to serve?
 6           THE DEFENSE:  That's correct, sir.
 7           THE COURT:  Okay.  So we'll add that.
 8           THE DEFENSE:  And that is it, Your Honor.
 9           THE COURT:  Okay.  All right.  So since we have
10  resolved the objections, I find the base offense level is a
11  level 42.  There's a two-level increase because the defendant
12  was convicted under 18 United States Code, Section 1956.
13  There's a two-level increase because the offense involved
14  sophisticated laundering.  There's a three-level increase
15  because the defendant was a manager but not an organizer or
16  leader, and the criminal activity involved five or more
17  participants or was otherwise extensive.  That gives an
18  adjusted offense level of 49.  And under the guidelines where
19  the guideline range exceeds -- he's not getting acceptance of
20  responsibility?
21           THE DEFENSE:  Your Honor, we think that -- he's pled
22  guilty.  He has accepted responsibility in this case.  And --
23           THE COURT:  He hasn't made a statement accepting
24  responsibility?
25           THE DEFENSE:  He's made a statement to the government
```

1  to that effect.
2      **THE COURT:** Does the government have any objection to
3  his getting acceptance of responsibility, the three levels?
4      **THE PLAINTIFF:** No objection, Your Honor.
5      **THE COURT:** So he I'll give him the three levels of
6  acceptance. That's a level of 46, but the highest level is a
7  level 43 anyway. But at least it should be acknowledged that
8  he has accepted responsibility legally.
9      So with a total offense level of level 43 and criminal
10 history category 1 -- so that would ordinarily be a guideline
11 range of life, but he has pled to two 20-year counts. So a
12 total of 40 years or 480 months. And so the advisory
13 guidelines range becomes 480 months, which is 40 years.
14     It's my understanding that the parties have agreed in
15 the plea agreement that he should be sentenced to 240 months on
16 each count, but that those counts should run concurrently with
17 each other for a total of 20 years.
18     So in light of the advisory guideline range, the 18
19 United States Code, Section 3553(a) factors, as well as your
20 plea agreements and the thoughts that led to that, what is the
21 government's position as to an appropriate sentence and why?
22     **THE PLAINTIFF:** Your Honor, the government's position
23 is that based on the 3553 factors, based on the defendant's
24 criminality and his role in this case, that the appropriate
25 sentence is the two 20-year sentences to be run consecutive --

1  I'm sorry. Concurrent.

2  **THE COURT:** And I know that part of his plea agreement
3  was that he was to provide truthful cooperation even though the
4  government has not filed a 5K1.1 motion. Has been truthful in
5  trying to cooperate up to this point?

6  **THE PLAINTIFF:** Yes, Your Honor. As the Court knows,
7  it's a two-prong process: One is the truthful information.
8  The second is the government's ability to act on it. We have
9  not satisfied that second prong yet.

10 **THE COURT:** All right. Thank you. What is the
11 defense's position as to an appropriate sentence and why?

12 **THE DEFENSE:** Your Honor, we would agree of what it
13 should be. Mr. -- were it not for his role in the offense, he
14 would also qualify as a first offender.

15 And I only say that -- clearly it's a very serious
16 offense. His wife has written a letter. Other people have
17 written letters on his behalf.

18 Unfortunately the letter from his mother-in-law, we
19 have yet to receive, and it's in Russian. But everyone has
20 spoken about him understanding that what he has done, but yet
21 nonetheless, he was an individual who was generous and open and
22 very congenial and friendly with people where he lived; and
23 that a 20-year sentence is a substantial amount of time.

24 And when we take all of the 3553 factors in light of
25 the recommendation by the government and their reason for it,

|   |   |
|---|---|
| | 1  we think it is a sentence that is sufficiently punitive but not |
| | 2  greater than necessary to effect all of the objectives in 3553. |
| | 3          **THE COURT**:  All right.  And Mr. Vallerius, you have |
| | 4  the right to make a statement to me before I impose sentence. |
| 09:46 | 5  You don't have to say anything, but if you would like to say |
| | 6  something, this is your opportunity. |
| | 7          **THE DEFENDANT**:  I have nothing to say, Your Honor. |
| | 8          **THE COURT**:  All right.  Thank you.  All right.  The |
| | 9  Court has considered the statements of the parties, the |
| 09:46 | 10 presentence report which contains the advisory guidelines, as |
| | 11 well as the statutory factors set forth in 18 United States |
| | 12 Code Section 3553(a). |
| | 13         Having previously determined that the total offense |
| | 14 level is a level 43 with a criminal history category of 1, and |
| 09:46 | 15 an advisory guideline range of 480 months, I first find the |
| | 16 defendant is not able to pay a fine, so I will not impose a |
| | 17 fine. |
| | 18         As a starting point I think it is important to note |
| | 19 that this is a very serious offense involving a huge amount of |
| 09:46 | 20 drugs as well as sophisticated means to cover up those |
| | 21 transactions, particularly the monetary part of those |
| | 22 transactions. |
| | 23         And the defendant has admitted responsibility for 36 |
| | 24 kilograms of fentanyl, 900 kilograms of Ritalin, 45 kilograms |
| 09:47 | 25 of methamphetamine, 90 kilograms of heroin, 450 kilograms of |

```
         1  cocaine, 13 kilograms of oxycodone, and 25 kilograms of crack
         2  cocaine.
         3           So I think a very significant sentence is important to
         4  both punish this defendant and to deter others who are
09:47    5  considering getting involved in similar offenses.  I do believe
         6  the fact that he has absolutely no prior arrests or convictions
         7  distinguishes him even from other people who have a criminal
         8  history category 1.  Often there's people who have convictions
         9  that are just too old to score or many arrests that don't
09:48   10  result in convictions.  So I think that is somewhat mitigating.
        11           I also think the fact that he has truthfully
        12  cooperated with the government, even though it has not led to a
        13  5K1.1 at this time shows extraordinary remorse and makes it
        14  less likely that he will reoffend.
09:48   15           And most importantly it's my duty as a sentencing
        16  judge to impose a sentence that is sufficient but not greater
        17  than necessary to meet the goals of the sentencing scheme.
        18           In light of all of those circumstances, it's the
        19  judgment of the Court that the defendant is committed to the
09:48   20  Bureau of Prisons to be imprisoned for 240 months.  This term
        21  consists of 240 months as to count 1, and a concurrent sentence
        22  of 240 months as to count 2.
        23           Upon release from imprisonment, he'll be placed on
        24  supervised release for three years as to each of counts 1 and 2
09:48   25  concurrent with each other.
```

```
 1              Within 72 hours of release from the custody of the
 2   Bureau of Prisons, he will report in person to the probation
 3   office in the district to which he's released.
 4              And while on supervised release, in addition to the
 5   standard and statutory conditions of supervised release, the
 6   following special conditions will apply.  He must surrender to
 7   immigration for removal after imprisonment and pay any unpaid
 8   restitution, fines, or special assessment.  Conditions as noted
 9   in part G of the presentence report will apply.
10              The defendant must also pay a special assessment of
11   $100 to the United States as to each of the two counts of
12   conviction for a total of $200 payable to the United States
13   immediately.
14              So the total sentence is 240 months in prison, three
15   years supervised release, and a $200 special assessment.
16              All right.  And there's a preliminary order of
17   forfeiture which is docket entry 57, and that was filed on
18   September 17th, 2018.
19              Is that the order of forfeiture that should be
20   incorporated into the final judgment?
21              THE PLAINTIFF:  Yes, Your Honor.
22              THE DEFENSE:  That's correct, Your Honor.
23              THE COURT:  So I'll order the defendant's right,
24   title, and interest in the property identified in the
25   preliminary order of forfeiture to be forfeited, and that
```

1  order, which is docket entry 57, will be incorporated by
2  reference into the final judgment.
3         And now that sentence has been imposed, does the
4  defendant or his counsel object to the Court's finding of fact,
5  the manner in which sentence was pronounced, or any of the
6  Court's sentencings rulings?
7         **THE DEFENSE**:  No, Your Honor.  We would just request
8  the judicial recommendation to Miami Low for logistical
9  reasons.  We would ask if you could recommend that.
10        **THE COURT**:  All right.  I'll recommend to the Bureau
11 of Prisons that he be allowed to serve a sentence in Miami.
12 And Mr. Vallerius, you have the right to appeal the sentence
13 that was imposed.  However, any notice of appeal must be filed
14 within 14 days after entry of the judgment.  If you are unable
15 to pay the cost of an appeal, you may apply for leave to appeal
16 in forma pauperis, which means you can appeal without prepaying
17 any fees or costs.  All right.  Good luck to you, sir.
18        **THE DEFENSE**:  Thank you, Your Honor.
19        **THE PLAINTIFF**:  Thank you, Your Honor.
20
21        (Thereupon, the above hearing was concluded.)
22
23                    *         *         *
24
25

# C E R T I F I C A T E

I hereby certify that the foregoing is an accurate transcription of the proceedings in the above-entitled matter.

10/22/2018

DATE COMPLETED        GIZELLA BAAN-PROULX, RPR, FCRR